**384**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Jimmy Marshal PLAYER, a.k.a. Delvon
J. Bellamy, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Jimmy Marshal Player, a.k.a. Devlon
Bellamy, a.k.a. Delvon Bellamy,
Defendant—Appellant.

Nos. 02–30160, 02–30163.
D.C. Nos. CR–01–00095–RHW,
CR–00–00122–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided April 4, 2003.

Before BRUNETTI, T.G. NELSON,
and RAWLINSON, Circuit Judges.

## MEMORANDUM*

Jimmy Marshall Player appeals his sentence following his guilty plea. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Except in "extraordinary cases," the sentencing guidelines do not permit a court to enhance a sentence for obstruction of justice and reduce that same sentence for acceptance of responsibility.[1] Player has failed to uphold his burden of demonstrating that he accepted responsibility,[2] let alone that this was an extraordinary case.

The district court said that Player had not demonstrated "extraordinary acceptance of responsibility." From the district court's language, one might think the court applied an incorrect standard.[3] However, the entire record makes it clear that the district court found that Player's actions were inconsistent with his guilty plea. More specifically, the district court did not believe Player fled to Phoenix to find a more competent lawyer. It also noted that as late as Player's sentencing hearing, he blamed other people for his circumstances and continued to make excuses for his flight. Finally, the district court found that Player's actions were the "antithesis of an acceptance of responsibility." The district court applied the correct standard in finding that Player did not accept responsibility.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. U.S. Sent. Guidelines Manual § 3E1.1, cmt. n. 4 (2002).

2. *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir.2002).

3. Because Player's counsel did not timely object to the standard applied by the district court at the sentencing hearing, we review for plain error. Fed. R.Crim. P. 52(b); *see also United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir.2001).